Isaac Sokoloff, William R. Graham, David S. Blum and Joseph Sionsky, complainants-appellants.

*v.*

Wildwood Pier and Realty Company, William Lipkin, Leo H. Lipkin, George W. Jessup, J. H. Beecher, Lawrence Johnson and Morris Haber, defendants-respondents, and Globe Security Bond and Mortgage Company and Morris Wolf, trustee, intervening defendants-respondents.

[Argued February 14th, 1933.   Decided April 28th, 1933.]

*Mr. Ralph N. Kellam (Mr. George J. Edwards, Jr.,* of the Philadelphia bar, of counsel), for the complainants-appellants.

*Messrs. Starr, Summerill & Lloyd (Mr. Lewis Starr,* of counsel), for Leo H. Lipkin et al., for the defendants-respondents.

*Mr. Joseph H. Carr,* for Globe Security Bond and Mortgage Company and Morris Wolf, trustee, for the intervening defendants-respondents.

Per Curiam.

This is an appeal from a final decree of the court of chancery advised by the late Vice-Chancellor Leaming, whose opinion is reported in *108 N. J. Eq. 362.*

The printed state of the case as presented to us by the appellants, who were the complainants below, embraces hundreds of pages of testimony taken before the intervening defendant Globe Security Bond and Mortgage Company, with its associate defendant, Morris Wolf, trustee, came into the case. Preceding the argument on the appeal the intervenor moved to strike that testimony. Disposition of the motion was reserved pending our examination of the record. We find that it was the distinct understanding of the trial court, thoroughly grounded in the acquiescence of all counsel, before and at the close of the hearing, that the disputed testimony was not to be considered on this phase of the case.

This situation is plainly disclosed in the printed book at pages 552, 553 and 554, and from page 572 to page 577, inclusive. If there appears that Mr. Edwards, for the complainants, submitted that the intervenor should "take the record as he finds it." Mr. Carr, for the intervenor, resisted, urging that the testimony taken before the intervenor was in the case was irrelevant as against the latter, agreeing, however, to the bringing in of such parts as Mr. Edwards might mention. Thereupon Mr. Edwards specified page 199 of the transcript of testimony then in hand and certain letters of given dates. These were brought in by consent. Further testimony was taken, and at the conclusion the question was revived; but there was no change in the agreement as to the pertinent parts of the record on the issue of whether or not intervenor had paramount rights as an innocent holder. Later in the discussion Mr. Carr observed that it was "the understanding that on the issues raised by the present proceeding nothing is to be used against us except what has been brought to the attention of the court," and almost the last words— and they were left without contradiction or dispute—were by Mr. Carr: "I don't understand he [Mr. Edwards] has on our present matter referred to anything in that record except the correspondence and that one page."

The vice-chancellor prefaced the holding part of his opinion with the statement: "The present controversy alone relates to the rights of the Globe Security Bond and Mortgage Company;" and then, after making the factual finding that the

intervenor had without knowledge, actual or imputed, on its part, of any outstanding equities, or claim, received the capital stock in controversy by assignment from the registered owner as collateral security for a loan, he announced his conclusion in point of law that as pledgee the intervenor had paramount rights. There was no decision as to the respective rights and liabilities of the parties complainant and the original parties defendant *inter sese*. The issues as framed between those parties still remain undetermined. In order that the printed book shall conform to the *status* in which the case went to the trial court for decision; the earlier testimony, with the exceptions mentioned, will, for the purposes of this appeal, be considered as stricken.

The decree below will be affirmed, for the reasons stated in the opinion of Vice-Chancellor Leaming, reserving therefrom, however, the allusions to the matters that, as he said, are "not for consideration at this time."

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, CASE, BODINE, DONGES, HEHER, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 12.

*For reversal*—None.